**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| ERNESTO ROMAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW NELLO OPERATING CO., LLC d/b/a NELLO, and DANIEL IANELLO,<br><br>Defendants. | **FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)**<br><br>CASE NO. 3:21-cv-00853 |

**PLAINTIFF'S INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Plaintiffs, Ernesto Roman ("Plaintiff" or "Roman"), individually, and on behalf of others similarly situated, by counsel, bring this action against New Nello Operating Co., LLC d/b/a Nello ("Nello"), and Daniel Ianello ("Ianello")(collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"). In addition, Roman brings an individual claim against Defendants for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq*. and the Indiana Wage Deductions Statute, I.C. § 22-2-6-1 *et seq*.

**OVERVIEW**

1.  Defendant failed to pay Plaintiff and those similarly situated to him in accordance with the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff and other similarly situated employees were subject to Defendants' common

business policies and practices that caused them to be denied the overtime premium required under the FLSA. First, Defendants deducted the costs of a "Uniform Rental" from the pay of employees. Second, Defendants do not include all earned wages, in the form of certain nondiscretionary bonuses, when calculating its employees' rates of pay for the purpose of calculating the overtime premium due to them. As a result of these violations, Defendant failed to pay its employees at a rate no less than time and one-half of their regular rates of pay for all hours they worked in excess of 40 hours per workweek. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b). Additionally, Defendants made unlawful deductions from Plaintiff's pay for the cost of a "Uniform Rental" in violation of Indiana law.

## PARTIES

2. Roman is an individual who resides in St. Joseph County, Indiana. At all times relevant to this action, he was an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

3. Nello is a Delaware corporation doing business in the state of Indiana. At all times relevant to this action, Nello was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

4. Ianello is an owner, member and/or officer of Nello. In this capacity, Ianello is involved in the day-to-day business operations of Nello. Ianello has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the overtime wage violations alleged in this

Complaint.  At all relevant times, Ianello acted and had responsibility to act on behalf of, and in the interests of, Nello in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime wage issues raised in this lawsuit.   At all relevant times, Ianello was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

5. The U.S. District Court for the Northern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under federal law. This Court has supplemental jurisdiction over Roman's Indiana state law claim pursuant to 28 U.S.C. 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Defendant conducts business in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1)(A)(i) and (ii).

9. At all times hereinafter mentioned, Roman has been an employee "engaged in commerce or in the production of goods for commerce."

## **FACTS**

10. Nello is in the business of manufacturing utility and cellular phone towers at its facility located in South Bend, Indiana.

11. Defendants employ hourly production workers at their facility in South Bend ("Production Employees").

12. Defendants have employed Plaintiff from approximately June 2019 to the present as an hourly paid Production Employee.

13. Within the two-year period preceding the filing of this Complaint, Defendants made a "Uniform Rental" deduction from Plaintiff's wages each week.

14. Defendants did not and do not have a valid assignment of wages from Roman that complies with I.C. § 22-2-6-2(a)(1).

15. Even if Defendants did have a valid assignment of wages from Plaintiff that complied with Indiana law, each deduction made for a "Uniform Rental" from Plaintiff and other Production Employees' wages in weeks these employees worked overtime hours (hours in excess of 40 in a single workweek) resulted in violations of the FLSA overtime provisions as these employeers were not paid one and one-half their regular rate of pay for all overtime hours worked. *See Rechtoris v. Dough Mgmt., Inc*., No. 3:18CV708-PPS/MGG, 2019 WL 1515229, at *1 (N.D. Ind. Apr. 5, 2019)("Federal labor regulations require that wages must be paid 'free and clear,' meaning that job-related expenses primarily for the benefit of the employer (such as tools or uniforms) can't be charged to the employee if the expenses would drive the employee's pay below minimum wage.

29 C.F.R. § 531.35. 'The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer ... the whole or part of the wage delivered to the employee.' *Id.*")

15. As an example, Plaintiff attaches one of his paystubs as Exhibit A.

16. Exhibit A is a copy of Plaintiff's pay stub for a one week pay period of August 15, 2021 to August 21, 2021. For this pay period, Plaintiff's hourly rate of pay was $23.60/hr. During this pay period, Plaintiff worked 40.00 regular hours and 7.40 Overtime Hours. While Defendants began by paying Plaintiff $35.40 (one and one-half his regular rate of pay for that pay period) for his Overtime Hours, following that calculation, Defendants then deducted $13.40 for the cost of his uniform rental. Thus, Defendants failed to pay Plaintiff one and one-half his regular rate of pay for all hours Plaintiff worked in excess of forty (40) in a single workweek and, in doing so, violated the overtime provisions of the FLSA.

16. Additionally, Defendants failed to include the compensation Plaintiff and other Production Employees received in addition to their base hourly rate, including performance-based, non-discretionary bonuses, in determining their "regular rate of pay," for purposes of calculating their hourly overtime rate. *See Paswaters v. Krones Inc.*, No. 19-CV-993-JPS, 2020 WL 419336, at *1 (E.D. Wis. Jan. 27, 2020) ("Under the FLSA, an employee's regular hourly rate must reflect any non-discretionary bonuses that he or she earns over the relevant bonus period. Put another way, when an employer calculates the overtime rate, that overtime rate must include any non-discretionary bonuses.")

5

16. To provide an example of this practice, Plaintiff attaches another paystub as Exhibit B.

17. Exhibit B is a copy of Plaintiff's pay stub for the one week pay period beginning August 1, 2021 and ending August 7, 2021. Exhibit B again shows Plaintiff's hourly rate of pay as $23.60/hr for this pay period. It also shows that Plaintiff worked 40 regular hours and 16.60 Overtime Hours for this pay period. Despite earning additional earned wages of $148.00 in the form of a nondiscretionary "Bonus", Defendants only paid Plaintiff at an overtime rate of $35.40 (or one and one-half of $23.60) for his 16.60 Overtime Hours that pay period. Accordingly, Defendants violated the FLSA by failing to include non-discretionary bonuses when calculating Plaintiff's overtime rate.

18. Finally, Exhibit B also shows Defendants' failure to include a non-discretionary attendance bonus or "Bonus – Attend" in Plaintiff's regular rate for the purpose of calculating his overtime pay. In the example, Plaintiff was paid $67.00 as a non-discretionary attendance bonus, however, Defendants only paid Plaintiff an overtime rate of $35.40 for his 16.60 Overtime Hours that pay period. Accordingly, Defendants violated the FLSA by failing to include non-discretionary attendance bonuses when calculating Plaintiff's overtime rate.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

19. Plaintiffs, as well as all current and former Production Employees, perform manual labor and do not perform work that qualifies them as exempt from the overtime requirements of the FLSA.

20. As a result of Defendants' common unlawful policies, hourly-paid Production Employees who worked hours in excess of forty (40) in a single workweek ("Overtime Week"), including Plaintiff, and who either 1) received a bonus identified as "Bonus" or "Bonus – Attend" for that Overtime Week; or 2) had a deduction from his or her pay in the category of "Uniform Rental" for that Overtime Week (hereinafter "Class Members"), have not been properly compensated overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they have worked in excess of forty (40) per workweek, in violation of the FLSA.

21. Defendants' failure to pay overtime compensation as required by the FLSA and as described above, results from a policy or practice applicable to Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the underpayment of overtime to Plaintiff applied to all Class Members. Accordingly, the class is properly defined as:

> **All current and former hourly-paid Production Employees (or their functional equivalents) who worked hours in excess of forty (40) in a single workweek ("Overtime Week"), and who either: 1) received a bonus identified as "Bonus" or "Bonus – Attend" for that Overtime Week; or 2) had a deduction from his or her pay in the category of "Uniform Rental" for that Overtime Week.**

22. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation at the rate required by the FLSA with respect to Plaintiff and all Class Members.

## COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiffs incorporate by reference Paragraphs 1 –22 of this Complaint.

24. Defendants failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular rates of pay for all overtime hours they worked.

25. Defendants acted intentionally, willfully, or with reckless disregard to the rights of the Members of the Class as protected by the FLSA and subjects Defendants to a three-year statute of limitations.

## COUNT II:  FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§ 22-2-5 *et seq.* and 22-2-6 *et seq.*

26. Plaintiff hereby incorporates by reference paragraphs 1 – 23 of the Complaint.

27. During the relevant time period, Defendants have violated and are violating the provisions of Indiana Code §§22-2-5 *et seq*. and 22-2-6 et seq. by making unlawful deductions from the wages earned by Plaintiff and by failing to timely pay Plaintiff's wages.

28. Defendants acted in bad faith in failing to pay Plaintiff all his earned wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join this action respectfully request that this Court enter judgment against Defendants and award relief as follows:

a.  An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for all overtime wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff (and those who have joined in the suit);

b.  An Order awarding the costs of this action;

c.  An Order awarding Plaintiff (and those who have joined in the suit) their reasonable attorneys' fees;

d.  A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA regarding the payment of overtime for all hours worked over 40 in a workweek;

e.  An Order pursuant to Indiana Code §§22-2-5 et seq. and 22-2-6 et seq. finding Defendants liable to Plaintiff for unpaid back wages and reimbursement of unlawful payroll deductions, plus statutory liquidated damages;

f.  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/Robert J. Hunt
Robert J. Hunt, (#30686-49)

9

Robert F. Hunt (#7889-84)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Suite 168
Carmel, Indiana 46032
Telephone:  (317) 743-0614
Facsimile:  (317) 743-0615
E-Mail:  rob@indianawagelaw.com


Robert P. Kondras, Jr.
HASSLER KONDRAS MILLER LLP
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

Attorneys for Plaintiff